**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| 319-321 Jefferson Street, LLC | ) | Case No. 12-42529 |
| | ) | |
| Debtor. | ) | Hon. Jack B. Schmetterer |

**NOTICE OF MOTION**

TO:   See Attached Service List

**PLEASE TAKE NOTICE** that on **April 10, 2014 at 10:30 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the **Honorable Jack B. Schmetterer,** Bankruptcy Judge, in Courtroom No. 682, U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois, or in his absence, before such other Judge who may be sitting in his place and stead and hearing bankruptcy motions, and shall then and there present the **MOTION FOR ENTRY OF A FINAL DECREE,** a copy of which is attached and herewith served upon you, and shall pray for the entry of an order in conformity with the prayer of said motion.

**AT WHICH TIME AND PLACE** you may appear if you so see fit.

Robert W. Glantz (#6201207)
Allen J. Guon (#6244526)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60654
(312) 541-0151  telephone
(312) 980-3888  facsimile

**CERTIFICATE OF SERVICE**

Allen J. Guon certifies that he caused to be served a true and correct copy of the **Motion for Entry of a Final Decree** upon the attached Electronic Mail Notice List through the ECF System or via U.S. Mail, first class, postage prepaid (as indicated), on the 20th day of March, 2014.

Dated: March 21, 2014                    /s/ Allen J. Guon

Mailing Information for Case 12-42529

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Richard A Bixter     richard.bixter@hklaw.com
- Kurt M Carlson     kcarlson@carlsondash.com, knoonan@carlsondash.com
- Constantine N Dranias     cdranias@dhwlawyers.com, alokkesmoe@dhwlawyers.com
- Robert W Glantz     rglantz@shawfishman.com, bharrington@shawfishman.com
- Allen J Guon     aguon@shawfishman.com, cowens@shawfishman.com
- Robert J. Labate     robert.labate@hklaw.com
- Patrick S Layng     USTPRegion11.ES.ECF@usdoj.gov
- Colleen E McManus     cmcmanus@carlsondash.com, knoonan@carlsondash.com;tempsec@carlsondash.com
- Trisha M Rich     trisha.rich@hklaw.com
- Berton N Ring     bring@bnrpc.com

## US Mail

Allied Waste Management
P.O. Box 9001154
Louisville, KY  40290-1154

Brad Rowley
321 S. Jefferson Street, 4th Floor
Chicago, IL  60661

Caste Contract, LLC
P.O. Box 2953
Chicago, IL  60654

City of Chicago
30 N. LaSalle Street
Suite 700
Chicago, IL  60602

City of Chicago Dept. of Water
P.O. Box 6330
Chicago, IL  60680-6330

ComEd
P.O. Box 6111
Carol Stream, IL  60197-6111

Dramias, Harrington & Wilson LLC
Attn: Keith W. Harrington
77 W. Washington #1020
Chicago, IL  60602

Economou Partners
321 S. Jefferson Street, 3rd Floor
Chicago, IL  60611

EP Architects, Inc.
321 S. Jefferson Street, 3rd Floor
Chicago, IL  60661

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA  19101-7346

Illinois Department of Revenue
Bankruptcy Section
100 West Randolph St., Ste. 7-400
Chicago, IL  60601-3274

James G. Dades & Co., Ltd.
8401 Crawford Avenue, Ste. 201
Skokie, IL  60076

ML Painting
380 Duller Road
Chicago, IL  60680-4116

Carol K. Economou
331 Graemere St.
Northfield, IL  60093

Attn: Diane Florey/Real Estate
Operations
Securitas Security Services USA Inc.
319 S. Jefferson St
Garage Level
Chicago IL 60661

BMO Harris Bank, N.A.
Carlson Dash LLC
c/o Colleen McManus
216 South Jefferson Street, #504
Chicago, IL  60661

Subway
Real Estate Operations
325 Bic Dr.
Milford CT 06460

Luana Chilelli
718 Northview Cir.
Salt Lake City, UT  84103

Cook County Collector
P.O. Box 805436
Chicago, IL  60680-4116

Thomas Economou
321 S. Jefferson Street, 4th floor
Chicago, IL  60661

Yvonne Jones
Seneca Real Estate Advisors
600 W. Jackson Blvd., Ste. 720
Chicago, IL  60661

Subway
319 S. Jefferson Street
Ground Floor
Chicago, IL  60661

Steve Macklem
First Options of Chicago
70 W. Madison Street
Suite 2100
Chicago, IL  60602

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| 319-321 Jefferson Street, LLC | ) | Case No. 12-42529 |
| | ) | |
| Debtor. | ) | Hon. Jack B. Schmetterer |

**MOTION FOR ENTRY OF A FINAL DECREE**

319-321 Jefferson Street, LLC, the Reorganized Debtor established by the *Debtor 319-321 Jefferson Street, LLC's Second Amended Chapter 11 Plan of Reorganization* dated September 11, 2013 ("Plan"), [1] hereby moves ("Motion") for entry of a final decree closing the above-captioned bankruptcy case ("Case"), and respectfully states as follows:

**Jurisdiction**

1.      On October 26, 2012 ("Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor is a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

2.      This Court has jurisdiction to hear this matter and enter final orders granting the relief requested herein pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A) and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

**Background**

3.      The Debtor is the owner of two mixed-use buildings commonly known as 319 and 321 South Jefferson Street, Chicago, Illinois (collectively, the "Properties").

4.      On October 29, 2013, the Bankruptcy Court confirmed the Plan pursuant to the *Order Confirming Debtor 319-321 Jefferson Street, LLC's Second Amended Chapter 11 Plan of*

---

[1] All capitalized, undefined terms herein shall have the meanings set forth in the Plan.

{10450-001 MOT A0369218.DOC}

*Reorganization and Approving the Adequacy of the Disclosure Statement Thereto* dated October 29, 2013 ("Confirmation Order").

### A.   Issuance of New Equity, Turnover by Receiver, and Assumption of Leases

5.      Prior to the Petition Date, the Circuit Court of Cook County appointed Yvonne Jones as the Receiver ("Receiver") for the Properties in a state court foreclosure action.  Under the Plan, the Receiver was required to turnover the Properties to the Debtor within seven (7) business days of the Debtor completing the repairs necessary to remedy the City of Chicago Building Code violations at the Properties ("Building Repairs").

6.      On January 6, 2014, the Debtor completed the Building Repairs and made demand on the Receiver to turnover the Properties to the Debtor.

7.      On or about January 17, 2014, the Receiver turned over possession of the Properties to the Reorganized Debtor.

8.      On February 11, 2014, pursuant to the Plan, the Reorganized Debtor sent its Notice of Occurrence of Effective Date of the Plan to all creditors.  (Dkt. #205)

9.      Pursuant to the Plan, on the Effective Date, all property of the bankruptcy estate became vested in the Reorganized Debtor.

### B.   Distributions under the Plan

10.      A summary of the required distributions under the Plan, and the status of such distributions, is set forth in detail below:

| Claim | Treatment under Plan | Status of Distributions |
|---|---|---|
| **Administrative Claims** | Payment in full shortly after confirmation of the Plan. | All administrative claims have been paid in full, with the exception of the professional fees owed to Debtor's counsel, which will be paid over time by agreement. |
| **Priority Non-Tax Claims (Class 1):** | Allowed Priority Non-Tax Claims will be paid in full on the Effective Date. | No claims within this class. Accordingly, no payments were required to be made under the Plan. |
| **Harris Secured Claim (Class 2):** | The Holder of the Harris Secured Claim will receive payment in full, plus interest, by December 31, 2018 from (i) the New Value Pay-Down Amount, (ii) the Receiver Pay-Down Amount, and (iii) the Replacement Note in the amount of $1,950,000, less the New Value Pay-Down Amount and Receiver Pay-Down Amount. The payments under the Replacement Note shall be made as follows: (i) monthly principal and interest payments based on a thirty (30) year amortization, with interest calculated at 4.25% per annum; (ii) Excess Net Cash Flow payments; and (iii) a balloon payment on the unpaid balance by December 31, 2018. | Harris has received (i) the New Value Pay-Down Amount, (ii) the Receiver Pay-Down Amount, and (iii) the first monthly payment due under the amended note.<br><br> The remaining distributions will be paid as required under the Plan. |
| **Other Secured Claim (Class 3):** | Holders of Allowed Other Secured Claims shall be Rendered Unimpaired. | No claims within this class. Accordingly, no payments were required to be made under the Plan. |
| **Harris Deficiency Claim (Class 4):** | Holders of the Harris Deficiency Claim shall receive 15% of its Allowed Claim. The payments shall be made in quarterly installments commencing on the later of the Effective Date or January 1, 2014, provided, however, the final payment shall be made by December 31, 2018. | Harris has received the first quarterly payment as required under the Plan. The remaining distributions will be made in quarterly installments and the final installment shall be made by December 31, 2018.. |

{10450-001 MOT A0369218.DOC}                    3

| Claim | Treatment under Plan | Status of Distributions |
|---|---|---|
| **General Unsecured Claims (Class 5)** | Holders of General Unsecured Claims will receive 15% of their Allowed Claim.  The payments shall be made in quarterly installments commencing on the later of the Effective Date or January 1, 2014, provided, however, the final payment shall be made by December 31, 2018. | General unsecured creditors have received the first quarterly payment as required under the Plan.  The remaining distributions will be made in quarterly installments and the final installment shall be made by December 31, 2018. |

11.	A Detailed listing of all Plan payments made as of the date of filing this Motion is attached hereto as Exhibit A.

**Relief Requested**

12.	The Reorganized Debtor requests entry of a final decree closing the Case.  The Plan has been substantially consummated as the Reorganized Debtor has begun making distributions to BMO Harris Bank, N.A. ("Harris") and the unsecured creditors as required by the Plan.  As of the filing date of the Motion, the above-captioned debtor and the Reorganized Debtor have complied with all obligations under the Plan.  The only remaining duties consist of making the remaining distributions in accordance with the Plan.  Based on the foregoing, the Reorganized Debtor submits that entry of a final decree is warranted.

13.	Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case."  11 U.S.C. § 350(a).  Likewise, Fed. R. Bankr. P. 3022 provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."  Fed. R. Bankr. P. 3022.

14.	The term "fully administered" is not defined in the Bankruptcy Code, but it is clear that the entry of a final decree closing a chapter 11 case should not be delayed just because

all of the payments required by a plan have not been completed. *See In re Mold Makers, Inc.*, 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990); *In re Jordan Manufacturing Co., Inc.,* 138 B.R. 30, 36 (Bankr. C.D. Ill. 1992).

15.     Furthermore, this Court has employed the following factors when determining whether a Chapter 11 case has been fully administered: (1) whether the order confirming the plan has become final; (2) whether deposits required by the Plan have been distributed; (3) whether the property proposed by the plan to be transferred has been transferred; (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan; (5) whether payments under the plan have commenced; and (6) whether all motions, contested matters and adversary proceedings have been finally resolved. *Mold Makers*, 124 B.R. at 768.

16.     In this Case, the Confirmation Order is final.  The Receiver has transferred possession of the Properties to the Reorganized Debtor.  The Reorganized Debtor has assumed management of the Properties and is currently receiving rent payments from tenants.  Harris has received the initial payments due under the Plan, namely the New Value Pay-Down Amount, the Receiver Pay-Down Amount, the first monthly payment due under the amended note and the first quarterly distribution on its general unsecured deficiency claim.  Additionally, the Reorganized Debtor has made the first quarterly distributions to the other general unsecured creditors.  There are no deposits to be distributed, and there are no motions, contested matters, or adversary proceedings to resolve other than one claim objection -- which should be resolved prior to the hearing on this Motion.  Accordingly, entry of a final decree is appropriate.

**Notice**

17.　　As required by Fed. R. Bankr. P. 3022 and Local Rule 3022, the Reorganized Debtor has served this Motion on the Office of the United States Trustee, the CMECF service list and all known creditors.

WHEREFORE, the Reorganized Debtor requests that this Court enter a final decree in the Case substantially in the forms attached hereto: (i) granting the Motion; (ii) providing for the entry of a Final Decree closing the Case; and (iii) granting such other just and appropriate relief.

Respectfully submitted,

319-321 Jefferson Street, LLC

Dated: March 21, 2014                         By:   */s/ Allen J. Guon*
                                                    One of its attorneys

Robert W. Glantz (#6201207)
Allen J. Guon (#6244526)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60654
(312) 541-0151  telephone